UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

**06 CIV. 5807**

BLACK DIAMOND ENTERPRISES, LLC and
ERIC KOTCH,

Case No:

                   **Plaintiffs,**

- against -

**COMPLAINT WITH
JURY DEMAND**

SUNYATA MOLECULAR CORPORATION,
LAURENCE WOOD and LISA WOOD,

                   **Defendants.**

**ROBINSON**

-----------------------------------X
S I R S :

    PLEASE TAKE NOTICE that Plaintiffs, by their attorneys Jules A. Epstein, P.C., complaining of the Defendants allege:

### JURISDICTIONAL STATEMENT

    1.   At all relevant times, Plaintiff Black Diamond Enterprises, LLC ("BDE") was and is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Rockland County, New York.

    2.   At all relevant times, Plaintiff Eric Kotch ("Kotch") was and is a resident of the state of New York and a principal of BDE.

    3.   Defendant Sunyata Molecular Corporation ("Sunyata") is a corporation organized under the laws of the state of New Jersey with its principal place of business in New Jersey.

    4.   At all relevant times, Defendant Laurence Wood ("Laurence Wood") was and is a resident of the State of New Jersey.

    5.   At all relevant times Defendant Lisa Wood ("Lisa Wood") was and is resident of the State of New Jersey.

6.   Defendants Laurence Wood and Lisa Wood (collectively "the Woods") are husband and wife.

7.   The Court has jurisdiction of this matter pursuant to 28 USC 1332 in that there is complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000.

8.   Venue in this district is properly pursuant to 28 USC 1391(a)(2) and (3).

9.   Plaintiffs hereby demand trial by jury.

## COMMON STATEMENT OF FACTS

10.   Plaintiffs are venture capital investors who invest in, *inter alia*, start up technology companies, new inventions, new technology and intellectual property in various fields.   Laurence Wood is an inventor and physicist.   Lisa Wood is a marketing executive.

11.   In approximately 1998 the Woods formed Sunyata in order to, *inter alia*, develop and exploit Laurence Wood's inventions and intellectual property in a variety of fields.

12.   The Woods collectively own more than ninety (90%) percent of Sunyata's issued stock and control Sunyata.

13.   In or about March, 2005, Plaintiffs responded to a solicitation for investors Defendants placed in the New York Times in Sunyata.

14. Following negotiations, on or about September 29, 2005, the parties executed an agreement providing, *inter alia*, for Plaintiffs' investment for Plaintiffs to become Defendants' joint venture partner in a series of bio-technical projects.

15. On or about December 22, 2005, the parties executed another agreement, superceding and replacing their September 29, 2005 agreement. A copy of the December 22, 2005 agreement (hereafter the "Agreement") is annexed as Exhibit "1".

16. The Agreement provides, *inter alia*, for the following:

a. Plaintiffs shall invest $435,000 in Sunyata, to be applied to the Woods' salaries and debts, expenditures for Sunyata's business, and research and development of Laurence Wood's inventions and intellectual property;

b. BDE became the holder and owner of one-third (1/3) of Sunyata's common stock;

c. Laurence Wood shall assign his patents, patent applications, and intellectual property to Sunyata and execute a confidentiality and non-competition agreement;

d. Plaintiffs and Defendants shall execute a stockholders' agreement providing, *inter alia*, for Kotch's election to Sunyata's board of directors and requiring unanimous directors' consent to all corporate actions.

17. Plaintiffs have substantially performed the Agreement. Plaintiffs paid approximately $360,000 to or on Defendants' behalf

to third parties (described in the Agreement as the purchase price for BDE's acquisition of one-third (1/3) of Sunyata's common stock), and are ready, willing and able to deliver the balance of Plaintiffs' $435,000 funding commitment.

18.   Plaintiffs' funds were primarily applied by the Woods for their salary and personal living expenses.

19.   Laurence Wood, as inventor, has filed pending provisional patent application (the "Patent Applications") with U.S. Patent and Trademark Office ("PTO") for the processes below described.  These pending Patent Applications are to be assigned to Sunyata pursuant to the Agreement:

          a.   Attorney Docket #5868-102P//32137 - Dephasing Nano Computing Methods and Apparatus;

          b.   Attorney Docket #5868-103P//32340 - Nano-Mimetic Compound Design and Production;

          c.   Application Serial No. 60/804,238 - Dephasing Nano Computing Methods and Apparatus; and

          d.   Attorney Docket #5868-105P//32346 - A System and Method of Semi-Random Chemistry for the Generation of New Compounds.

20.   Defendants have breached the Agreement and have acted in bath faith in, *inter alia*, the following respects:

a.   Defendants have failed and refused to execute a stockholders' agreement consistent with and as provided for in the Agreement;

b.   Laurence Wood has failed and refused to execute a confidentiality and non-competition agreement;

c.   Laurence Wood has failed and refused to assign the Patent Applications and other intellectual property to Sunyata;

d.   Defendants have failed and refused to issue certificates evidencing BDE's ownership of one-third (1/3) of Sunyata's common stock to BDE;

e.   Defendants have failed to transfer existing technology and know how, whether or not the subject of Patent Applications, to Sunyata;

f.   Sunyata has failed to pursue Patent Applications and other strategies to protect its intellectual property in the best interest of Sunyata and BDE as a stockholder thereof;

g.   Defendants have taken corporate action without Plaintiffs' unanimous consent.

21.  At all relevant times, Lisa Wood acted as Laurence Wood's agent with authority to bind Laurence Wood to the Agreement.

### FIRST CAUSE OF ACTION - DECLARATORY JUDGMENT

22.  Plaintiffs repeat, reiterate and re-allege the allegations set forth above.

23.  The Agreement provides:

C:\Documents and Settings\All Users\Documents\WPDOCS\Kouch\Sunyata\Complaint.wpd

"BDE shall buy and Sunyata shall sell Sunyata's common stock representing one-third (1/3) of the equity ownership interest in Sunyata as of this date on a fully diluted basis (after taking into account all securities issued or committed for issuance which may be convertible into common stock). The purchase price will be $435,000 payable over a seven (7) month period, plus other consideration as provided below:

*Estimated* use of funds include:

| | |
|---|---|
| $ 95,000 | (approx.) paid to date |
| 175,000 | Wood's salary ($25,00 on 1st of every month) |
| 50,000 | Wood's debt (half upon execution, half on April 1) |
| 25,000 | Facility (rent, security system, equip. utilities) |
| 25,000 | Miscellaneous |
| 50,000 | Apprentice to Larry |
| 15,000 | Attorney, accounting, bookkeeping fees, taxes |

Sunyata, BDE, Lisa Wood and Laurence Wood shall each agree to become a party to a Sunyata, (and each of its controlled subsidiaries, if any), stockholders' agreement detailing Board of Director roles, which shall require unanimous approval for all matters by Laurence Wood, Lisa Wood and Eric Kotch so long as each party (directly or indirectly) continues to own or control at least ten (10%) percent of the outstanding stock of Sunyata. Effective upon execution of this Agreement Eric Kotch shall become a member of the Sunyata Board of Directors and the unanimous consent requirement shall take effect immediately.

Sunyata shall pursue Patent Applications and other strategies to protect its intellectual property in the best interests of the company and its stockholders as determined by the Board. Each director, consultant and employee shall sign an invention assignment, confidentiality and non-

competition agreement in such form as the Board may prescribe.

The Parties agree that the foregoing represents the legally binding expression of the principal terms of agreements that they agree to negotiate and execute in good faith as soon as practicable."

24. Plaintiffs have substantially performed the Agreement.

25. Defendants have accepted the benefits of the Agreement, but have not performed the Agreement in that:

a. Certificates representing BDE's ownership of one-third (1/3) of Sunyata's common stock have not been issued and delivered to BDE;

b. Defendants have not entered into a stockholders' agreement providing, *inter alia*, for Kotch's appointment to Sunyata's board of directors and requiring unanimous director's approval for corporate action;

c. The Patent Applications have not been assigned to Sunyata;

d. Defendants have taken corporate action without Kotch's approval;

e. Defendants have not pursued Patent Applications and other strategies to protect Sunyata intellectually property; and

f. Defendants have not signed an invention assignment, confidentiality and non-competition agreement.

26. Upon information and belief, Defendants contend that the Agreement is not a valid, binding and legally enforceable obligation.

C:\Documents and Settings\All Users\Documents\WPDOCS\Kotch\Sunyata\Complaint.wpd

27. Plaintiffs have no adequate remedy at law.

28. Plaintiffs demand judgment declaring that (i) the Agreement of the December 22, 2005 is a binding and enforceable agreement for the ownership and operation of Defendant Sunyata Molecular Corporation; and (ii) Plaintiffs' time to complete performance of its funding is tolled while Defendants are in breach of the agreement.

## SECOND CAUSE OF ACTION - ANTICIPATORY BREACH

29. Plaintiffs repeat, reiterate and re-allege the allegations set forth above.

30. At all relevant times, Plaintiffs have been ready, willing and able to perform their obligations pursuant to the Agreement.

31. Plaintiffs have substantially performed their obligations pursuant to the Agreement and are ready, willing and able to perform their remaining contractual obligations.

32. Defendants have notified Plaintiffs that they repudiate the Agreement and will not perform their obligations thereunder in the following respects:

a. Defendants refuse to cause certificates representing one-third (1/3) of Sunyata's common stock to be issued to BDE;

b. Defendants refuse to execute a stock holders agreement providing, *inter alia*, for Kotch's appointment to the board of directors and requiring unanimous director's consent for corporate action;

c. Defendants have failed to protect Sunyata intellectual property;

d. Defendants refuse to execute patent assignments assigning the Patent Applications to Sunyata; and

e. Defendants refuse to enter into non-competition agreements.

33. As a result of the foregoing, Plaintiffs have sustained damages in a sum not less than $360,000 as determined by the Court.

## THIRD CAUSE OF ACTION - SPECIFIC PERFORMANCE

34. Plaintiffs repeat, reiterate and re-allege the allegations set forth above.

35. Plaintiffs have substantially performed, and/or are ready, willing and able to perform their remaining, obligations pursuant to the Agreement.

36. From time to time prior to the commencement of this action, Plaintiffs have duly demanded of Defendants that they perform their obligations pursuant to the Agreement in the following respects:

a. Issue certificates to BDE representing ownership of one-third (1/3) of Sunyata's common stock;

b. Assign the Patent Applications to Sunyata and complete the patent application process and technology and know how transfer to Sunyata;

C:\Documents and Settings\All Users\Documents\WPDOCS\Korch\Sunyata\Complaint.wpd

      c. Enter into a stockholders' agreement providing for Kotch's appointment to Sunyata's board of directors and for unanimous director's approval for corporate action; and

      d. Execution of non-competition agreements.

    37. Defendants have failed and refused, and still fail and refuse, to perform their obligations under the Agreement.

    38. Defendants have thereby breached the Agreement by, among other things, failing to perform the obligations herein above described.

    39. As result of Defendants' breach, Plaintiffs have been damaged in the amount to be determined by the Court at trial.

    40. As result of Defendants' breach, Plaintiffs are entitled to a judgment directing Defendants' specific performance of the Agreement including, but not limited to, the following:

      a. Issuance of a certificates of Sunyata's common stock to BDE evidencing ownership of one-third (1/3) of Sunyata's common shares.

      b. Assignment of the Patent Applications to Sunyata in recordable form;

      c. Execution of a stockholders' agreement for Sunyata including provisions for, *inter alia*, Kotch's appointment to Sunyata's board of directors and unanimous directors' approval for corporation action; and

      d. Execution of non-competition agreements;

e. Assign the Patent Applications to Sunyata and complete the patent application process and technology and know how transfer to Sunyata.

## FOURTH CAUSE OF ACTION - INJUNCTION

41. Plaintiffs repeat, reiterate and re-allege the allegations set forth above.

42. Defendant Laurence Wood has discovered and invented certain improvements applicable to and usable in connection with, *inter alia*, research on a unified general equation of motion, and he has filed in the United States Patent Office for four (4) provisional applications for letters patent.

43. Defendant Laurence Wood has refused to disclose to Plaintiffs the improvements and further inventions or to give Plaintiffs any information regarding the inventions and improvements or the history thereof, or papers, information, or data relating ot the inventions or improvements, and has refused to assign to Sunyata the inventions, improvements, or applications for letters patent, although Plaintiffs have demanded that Defendant do so.

44. Upon information and belief, Defendant Laurence Wood is endeavoring and threatens to sell, assign, and transfer the inventions and improvements and Patent Applications or some interest therein to persons other than Plaintiffs or Sunyata.

45.  The inventions, improvements, and Patent Applications have no definite, fixed, or ascertainable market value and are unique in character, and if they are sold, assigned or licensed to a bonafide purchaser for a valuable consideration, Plaintiffs will suffer irreparable damage and injury.

46.  Plaintiffs have no adequate remedy at law.

**FIFTH CAUSE OF ACTION - INJUNCTION AND DAMAGES**

47.  Plaintiffs repeat, reiterate and re-allege the allegations set forth above.

48.  Plaintiffs have expended large amounts of money, time and labor to develop and exploit the Patent Applications and Defendants' unpatented secrets, instruments, techniques, formulas, methods and processes.

49.  This confidential material constitutes Sunyata's trade secrets of its business.

50.  Upon information and belief, Defendant Laurence Wood has been engaged in the performance of services for third parties, or has threatened to perform services for third parties, and disclose to such third parties and to employ for such third parties' benefit the Patent Applications, and unpatented, secrets, instruments, techniques, formulas, methods and processes.

51.  Plaintiffs have duly demand that Defendant Laurence Wood cease and desist such activities and devote his full time and attention to Sunyata's business, assign Patent Applications and

unpatented secrets, instruments, techniques, formulas, methods and processes to Sunyata, execute a non-competition agreement, and otherwise perform the Agreement.

52. Defendant Laurence Wood continues to ignore Plaintiffs demands and violate the Agreement by rendering or threatening to render services to third parties and delivering or threatening to deliver to third parties the Patent Applications and unpatented secrets, instruments, techniques, formulas, methods and processes.

53. Plaintiffs have no remedy at law.

54. Plaintiffs have suffered and will continue to suffer irreparable injury and harm from Defendant Laurence Wood's violation and breaches of the Agreement.

**SIXTH CAUSE OF ACTION -**
**CONVERSION, UNJUST ENRICHMENT, MONEY HAD AND RECEIVED**

55. Plaintiffs repeat, reiterate and re-allege the allegations set forth above.

56. From September, 2005 to date, Plaintiffs paid approximately $360,000 directly to Defendants Lisa Wood and Laurence Wood, or to the payment of said Defendants personal and business expenses and debts, or to on behalf of Sunyata, in performance of the Agreement.

57. Defendants failed, refused and continue to fail and refuse to perform the Agreement.

58. At all relevant times, Defendants represented to Plaintiffs that they had performed and intend to perform the Agreement in the following respects:

a. Issue one-third (1/3) of Sunyata's common stock to Plaintiffs;

b. Assign the Patent Applications and intellectual property to Sunyata;

c. Execute a stockholders' agreement appointing Kotch to Sunyata's board of directors and requiring unanimous board of directors' approval for corporate action;

d. Enter into non-competition agreements;

e. Transfer the technology and know how to Sunyata and facilitate the commercialization of the technology and know how;

f. Require and abide by unanimous decisions of Plaintiffs and Defendants.

59. Plaintiffs relied upon Defendants' aforesaid representations that they had and intend to perform the Agreement when Plaintiff provided the funding to Defendants.

60. Plaintiffs' reliance upon Defendants' representations was reasonable.

61. But for Plaintiffs' reliance upon Defendants' representation of their performance and intention to perform the Agreement, Plaintiffs would not have provided approximately $360,000 of funding to Defendants.

62. Plaintiffs have suffered damages in a sum not less than $360,000 as a result of Defendants' fraudulent misrepresentations.

63. Defendants have converted the funding provided by Plaintiffs to their own use and benefit.

64. Defendants have been unjustly enriched in a sum not less than $360,000.

WHEREFORE, Plaintiffs demand judgment as follows:

1. On the first cause of action, declaring that the Agreement is binding upon and enforceable against Defendants and that Plaintiffs' time to complete performance of the agreement is tolled while Defendants are in breach of the agreement;

2. On the second cause of action, damages in a sum not less than $360,000 as determined by the Court;

3. On the third cause of action, ordering and adjudging that Defendants specifically perform the December 22, 2005 Agreement by (a) causing Sunyata Molecular Corporation to issue and deliver to Plaintiffs certificates evidencing ownership of one-third (1/3) of Sunyata's common stock by Defendants; (b) assigning the patents and Patent Applications, in recordable form, to Sunyata; (c) executing a stockholders' agreement that, *inter alia*, appoints Kotch to Sunyata's board of directors and requires unanimous directors' consent for corporate action; (d) execution of non-competition agreements; (e) complete technology transfer to Sunyata; and (f) complete Patent Applications and prosecutions.

4. On the fourth cause of action, (a) enjoining and restraining Defendants, their agents, servants, employees, and/or

contractors from exploiting, utilizing, marketing, licensing or assigning to any person or persons other than Sunyata the Patent Applications, patents, secrets, inventions, improvements, applications, formulas, methods and procedures, whether or not filed in the U.S. Patent Office, created, invented, discovered or made by Defendants; and (b) directing Defendants to assign to Sunyata the patents, secrets, Patent Applications, inventions, formulas, methods and procedures, discovered, invented, created or made by Defendants;

5.   On the fifth cause of action, (a) enjoining and restraining Defendants Laurence Wood from rendering any services, directly or indirectly, to any persons or entities other than Sunyata Molecular Corporation with respect to the development of the Patent Applications, patents, intellectual property, inventions, formulas, methods, procedures or devices substantially related to the intellectual property herein described; (b) awarding Plaintiffs damages in a sum not less than $360,000 as determined by the Court;

6.   On the sixth cause of action, awarding Plaintiffs damages in a sum not less than $360,000 as determined by the Court;

7.   Awarding   Plaintiffs'   attorneys'   fees,   costs,
disbursements and interest as determined by the Court.

Dated:   Garden City, New York
         July 3l, 2006

                         Jules A. Epstein (JE-5177)
                         Jules A. Epstein, P.C.
                         Attorney for Plaintiffs
                         600 Old Country Road, Suite 505
                         Garden City, NY 11530
                         (516) 745-1325